**Abatement Order filed June 21, 2012.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-11-01008-CR**
**NO. 14-11-01010-CR**

**HARLON RAY BUCKNER, II, Appellant**

**V.**

**THE STATE OF TEXAS,  Appellee**

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 755721 & 755722**

## A B A T E M E N T   O R D E R

Appellant Harlon Ray Buckner, II, appeals the trial court's order denying his Motion for DNA testing.  He contends that there is no evidence to support the trial court's "conclusion that there is not a reasonable probability that[,] had the results been available at the time of trial, [appellant] would not have been convicted."

Appellant was indicted for aggravated kidnapping and sexual assault.  In 1997, a jury found appellant guilty of aggravated kidnapping in cause number 755721 and the trial court assessed appellant's punishment at 20 years' confinement.  A jury also found

appellant guilty of sexual assault in cause number 755722, and the trial court assessed appellant's punishment at 20 years' confinement. Appellant appealed his convictions, and this court affirmed his convictions in 1999. *See Buckner v. State*, Nos. 14-97-01399, 14-97-01400-CR, 1999 WL 649098 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (not designated for publication).

At some point, appellant filed a motion for post-conviction DNA testing; this motion is not contained in the record before us. The record contains a motion filed by the State on January 23, 2008, in which the State asked the trial court to make findings pursuant to Article 64.03 of the Texas Code of Criminal Procedure in response to appellant's motion for post-conviction DNA testing. In its January 2008 motion, the State stated that the Harris County District Clerk's Office is in possession of the following evidence:

> key map of streets; 911 transcript; video tape; receipt; photos; diagram of street; magazine; brown ball cap; and cassette tape. . . . samples from a rape kit; box containing boots, socks, a shirt, shorts, and a belt; miscellaneous paper; a wooden club; a bag of clothes; a rape kit; blood, hair, and saliva from the applicant; pulled hair from the applicant; and hair samples from the complainant. . . . microscope slides containing hairs.

The State filed Proposed Findings and Order pursuant to Texas Code of Criminal Procedure Article 64.03, and the trial court adopted and signed the State's Proposed Findings and Order on January 24, 2008.

In its 2008 order, the trial court directed among other things that: (1) "an appropriately qualified professional take a sample of the applicant's blood and/or saliva;" (2) the sample be packaged and transported to the Texas Department of Public Safety (DPS) Crime Lab for testing; (3) "a representative of the Harris County District Attorney's Office obtain from the Houston Police Department biological evidence in the above styled and numbered causes, specifically the following evidence:" (a) "samples from sexual assault," (b) "small box containing assorted clothing," (c) "bag of clothes," and (d) "rape kit;" (4) the "Harris County District Attorney's Office transport such evidence" to the DPS Crime Lab for testing and comparison; (5) the DPS Crime Lab

"conduct DNA forensic testing comparing the remaining evidence, *excluding hair*, in the primary case with the applicant's blood and/or saliva sample taken;" and (6) the DPS Crime Lab "send a written report of the results of the ordered DNA testing to the Court," the Harris County District Attorney's office, and to Crespin Michael Linton, who presumably was appellant's appointed counsel.

On December 19, 2008, the trial court signed the State's Proposed Findings of Fact and Order, stating:

> Having considered the Applicant's motion requesting DNA testing of evidence, having examined the results of DNA testing performed by the Texas Department of Public Safety, and having heard the State's motion for finding and order in the above-styled cases, the Court makes the following finding of fact:
>
> ### FINDING OF FACT
>
> The Court finds, pursuant to TEX. CODE CRIM. PROC. ANN. art. 64.04, that the results of the DNA testing performed in this case pursuant to TEX. CODE CRIM. PROC. ANN. art. 64.03 are not favorable to the Applicant, Harlan Ray Buckner, and that it is not reasonably probable that, had the DNA testing results been available before or during the trial of the offense, the Applicant, Harlon Ray Buckner, would not have been prosecuted or convicted.
>
> ### ORDER
>
> THE CLERK IS ORDERED to send a copy of the State's Motion for Finding Under TEX. CODE CRIM. PROC. ANN. art. 64.04 and Order Under art. 64.03(e), along with the Court's finding of fact that the results of DNA testing are not favorable to the Applicant, to the Texas Department of Public Safety. . . .
>
> THE CLERK IS FURTHER ORDERED to send a copy of this Finding and Order to the Applicant's counsel: Crespin M. Linton, 440 Louisiana, Suite 900, Houston, Texas, 77002; and to the State: Inger M. Hampton, 1201 Franklin, Suite 600, Houston, Texas
>
> 77002.

Appellant did not appeal the trial court's December 19, 2008 order.

The record shows that the trial court appointed counsel, Tom Martin, to represent appellant on November 16, 2009 "for the purpose of post-conviction DNA testing." The

3

record before the court does not contain a motion for post-conviction DNA testing filed by appellant's appointed counsel or anyone else after November 16, 2009. The record does contain the State's Proposed Findings of Fact, Conclusions of Law, and Order, which the State filed on September 27, 2011 in response to a post-conviction DNA motion appellant presumably filed sometime in 2009 or thereafter.

The trial court adopted and signed the State's Proposed Findings of Fact, Conclusions of Law, and Order on September 27, 2011, stating:

> Having reviewed the documents filed in cause numbers 755721 & 755722; the trial court's original findings granting DNA testing under Chapter 64 dated January 24, 2008; the trial court's original findings under Chapter 64 that the testing results were not favorable to the defendant dated December 18, 2008; and the Department of Public Safety's (DPS) laboratory report dated October 20, 2008; the Court adopts its previous findings of fact and conclusions of law entered in cause numbers 755721 & 755722 on December 18, 2008.
>
> The Court finds, pursuant to TEX. CODE CRIM. PROC. ANN. art. 64.04, that the results of the DNA testing performed in this case pursuant to TEX. CODE CRIM. PROC. ANN. art. 64.03 are not favorable to the defendant, Harlon Ray Buckner, and that it is not reasonably probable that, had the DNA testing results been available before or during the trial of the offense, the defendant, Harlon Ray Buckner, would not have been convicted.
>
> ORDER
>
> THE CLERK IS ORDERED [to] send a copy of this Court's findings of fact denying DNA testing in cause numbers 755721 & 755722 and the instant order to the Defendant's appointed counsel, Tom Martin, 1018 Preston, Ste. 500, Houston, 77002, and to the attorney representing the State of Texas, Alicia Devoy O'Neill, 1201 Franklin, Suite 600, Houston, Texas 77002.

Appellant now challenges the trial court's September 27, 2011 order in this appeal.

Appellant contends on appeal that the "record is insufficient to determine if the conclusion of the Trial Court, that the results of previous DNA testing were unfavorable to [appellant], was justifiable." According to appellant, there is "no evidence to support this conclusion." Appellant argues that there is "no indication as to what the test results demonstrated. Without any evidence of the results of the alleged DNA testing, this Court

4

has no way to evaluate the findings of the Trial Court below and certainly no basis to conduct de novo review."

As outlined above, the trial court's September 27, 2011 order states that, in concluding that "the results of the DNA testing performed in this case" are not favorable to appellant, the trial court considered "original findings granting DNA testing under Chapter 64 dated January 24, 2008; the trial court's original findings under Chapter 64 that the testing results were not favorable to the defendant dated December 18, 2008; and the Department of Public Safety's (DPS) laboratory report dated October 20, 2008." The trial court's September 27, 2011 order does not state that appellant's motion for post-conviction DNA testing was deficient.

Given the circumstances surrounding this record, the trial court is directed to conduct a hearing and make a written determination as to whether (1) a transcribed hearing on appellant's post-conviction DNA motion resulting in the December 19, 2009 order was held; (2) the DPS laboratory report of October 20, 2008 is in existence; and (3) appellant's latest motion for post-conviction DNA testing is in existence. A supplemental clerk's record containing those findings shall be filed with the clerk of this Court on or before July 30, 2012. Further, we direct the trial court to have a supplemental record filed with the clerk of this Court on or before July 30, 2012 containing such items as are found to be in existence in the trial court's written determination.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and record are filed in this Court. The Court also will consider an appropriate motion to reinstate the appeal filed by either party.

PER CURIAM

Panel consists of Justices Boyce, Christopher and Jamison.

5